UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS JOHN VAN GORKOM,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:23-cv-750-GSA<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE COMMISSIONER'S DECISION, AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITYAND AGAINST PLAINTIFF**<br><br>**(Doc. 18, 23)** |

**I.     Introduction**

Plaintiff Curtis John Van Gorkom seeks judicial review of a final decision of the Commissioner of Social Security denying his application for child's insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act.[1]

**II.    Factual and Procedural Background**

Plaintiff applied for benefits on September 16, 2019 alleging disability as of June 20,

---

[1] The parties at first did not consent to the jurisdiction of a United States Magistrate Judge. Docs. 8, 9. However, after the Clerk reassigned the matter to a District Judge, consent to proceed before a magistrate judge was filed. Docs. 10, 11. Accordingly, the matter has been reassigned to a Magistrate Judge. Doc. 26. The findings and recommendations filed November 4, 2024, will be vacated, and the same document is being issued here as an order directing entry of judgment. The undersigned has reviewed the objections and response thereto and finds no basis in it to change the original recommended disposition of this case.

1

2003. AR 299–317. The Commissioner denied the applications initially on August 14, 2020, and on reconsideration on September 29, 2020. AR 129–30; 161–63. Plaintiff appeared for a hearing before an ALJ on May 4, 2022. AR 36–65. The ALJ issued an unfavorable decision on May 13, 2022. AR 12–35. The Appeals Council denied review on January 10, 2023 (AR 1–6) and this appeal followed.

### III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age,

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: 1- whether a claimant engaged in substantial gainful activity during the period of alleged disability; 2- whether the claimant had medically determinable "severe impairments"; 3- whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; 4- whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work; and 5- whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

**IV.   The ALJ's Decision**

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of June 20, 2003. AR 18. At step two the ALJ found that Plaintiff had the following severe impairments: 1-anxiety disorder, 2- depressive disorder, 3- migraine headaches, and 4- hypertension. AR 18. The ALJ also found at step two that Plaintiff's dyslexia and asthma were non-severe impairments and that his back pain was not associated with any medically determinable impairment. AR 18–19.

At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R.

Part 404, Subpart P, Appendix 1.  AR 19–21.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

> he can occasionally climb ladders, ropes, or scaffolds; he can never work at unprotected heights or with moving mechanical parts; he can have occasional exposure to humidity, wetness, dust, odors, fumes, and pulmonary irritants; he can have exposure to moderate noise; he is able to perform simple, routine, and repetitive tasks but not at a production rate or pace (e.g. no assembly line work); he is limited to simple work-related decisions; he is able to tolerate few changes in a routine work setting defined as performing the same duties at the same station or location day-to-day; he can have occasional interaction with supervisors; he can have occasional contact with coworkers with no tandem tasks or team type activities; he can have occasional contact with the public; and he can have no exposure to flashing lights, strobe lights, or bright lights such as those found on a theater stage.

AR 21–26.

At step four, the ALJ found that Plaintiff had no past relevant work.  AR 26.  At step five, in reliance on the Vocational Expert's testimony, the ALJ found that, considering Plaintiff's age, education, work experience and RFC, Plaintiff could perform the following jobs existing in significant numbers in the national economy: cleaner, material handler, sorter, "cleaner/housekeeper," assembler, and inspector.  AR 27–28.  The ALJ therefore concluded that Plaintiff was not disabled at any point since the alleged onset date of June 20, 2003.  AR 28.

## V. Issues Presented

Plaintiff asserts two claims of error: 1- "The ALJ's RFC determination is unsupported by substantial evidence as she failed to explain the discrepancy between the opinion evidence she found persuasive and the RFC in accordance with the regulations" (MSJ at 6–9, Doc. 18); and 2- "The ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints."  (*Id.* at 9–10).

### A. RFC Generally; Medical Opinion Evidence

#### 1. Applicable Law

Before proceeding to steps four and five, the ALJ determines the claimant's residual functional capacity (RFC) which is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a)(1). The RFC must consider all of the claimant's impairments, severe or not. 20 C.F.R. §§ 416.920(e), 416.945(a)(2). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

For applications dated March 27, 2017, or later, the new regulations eliminate a hierarchy of medical opinions. 20 C.F.R. § 404.1520c(a) ("[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Rather, when evaluating any medical opinion, the ALJ will consider the factors of supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the two most important factors, and the agency will articulate how they are considered. *Id.* With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Regarding "consistency," the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

**2.     Analysis**

Plaintiff emphasizes that the state agency psychological consultants opined, in relevant part, that Plaintiff was limited to the ability to "understand and remember simple 1-2 [step]² instructions." MSJ at 7 (citing AR 97 (Exhibit 7A)). The ALJ's assessed RFC, by contrast, limits Plaintiff to "simple, routine, and repetitive tasks." AR 21. Plaintiff contends the ALJ failed to explain, as required by SSR 96-8P, why that portion of the consultant's opinion was not adopted, and that the ALJ's discussion of "mixed" clinical findings was not sufficient. *Id.* Defendant contends that the ALJ's rejection of the consultant's opinion was substantially supported and well grounded in the objective medical evidence which did not support the limitation in question. Resp. at 2-4, Doc. 22.

Here, any error in the ALJ's reasoning was harmless because the same outcome would have resulted had the ALJ incorporated the limitation to 1-2 step instructions in the RFC. That limitation is compatible with jobs requiring a reasoning level of R1. Here, the VE identified two such jobs in response to the ALJ's hypothetical, namely: 1- "cleaner, housekeeping" (DOT 323.687-014), and 2- inspector (DOT 669.687-014).

Briefly by way of background,

In the *Dictionary of Occupational Titles*, each job description includes a General Educational Development ("GED") definition that "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." *Salas v. Astrue*, 2011 WL 2620370 at *5 (E.D. Cal. June 29, 2011) (quoting *Grigsby v. Astrue*, 2010 WL 309013 at *2 (C.D. Cal. Jan. 22, 2010)). The GED includes a scale for "reasoning development," which ranges from Level 1 (low) to Level 6 (high). *Id.* The *Dictionary of Occupational Titles* indicates Reasoning Levels 1 through 3 require the following cognitive functioning:

Level 1: Apply commonsense understanding to carry out <u>simple one-or two-step instructions</u>. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

---

² Although the word "step" appears to have been inadvertently omitted from the quoted portion of the consultant's opinion, Defendant does not dispute that this was the clear intention of the consultant.

6

> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> Level 3: Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

*Cervantes v. O'Malley*, No. 1:22-CV-1565 JLT GSA, 2024 WL 1173827, at *3–4 (E.D. Cal. Mar. 19, 2024) (citing DOT- Appendix C, Section III, 1991 WL 688702; *Rounds*, 807 F.3d at 1002-1003) (emphasis added).

The ALJ assessed an RFC for "simple, routine, and repetitive" tasks, which is compatible with jobs requiring a reasoning level of R2. *Id.* Most of the jobs the VE identified (4 of the 6 jobs) require a reasoning level of R2, including: 1- cleaner, industrial (DOT 381.687-018); 2- material handler (DOT 922.687-058); 3- sorter (DOT 649.687-010); and, 4- assembler (DOT 706.684-030).

As mentioned, the VE also identified two jobs with a reasoning level of R1, namely: 1- "cleaner, housekeeping" (DOT 323.687-014), and 2- inspector (DOT 669.687-014). As is clearly established in the DOT quoted above, and as observed by the Ninth Circuit in *Rounds*, jobs with a reasoning level of R1 are compatible with a limitation to understanding, remembering, and carrying out 1-2 step instructions. DOT- Appendix C, Section III, 1991 WL 688702; *Rounds*, 807 F.3d at 1004. As such, it is clear that any error the ALJ may have committed in omitting a limitation to 1-2 step instructions from the RFC was "inconsequential to the ultimate non-disability determination" and therefore harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

### B. **Subjective Complaints**

#### 1. **Applicable Law**

An ALJ performs a two-step analysis to determine whether a claimant's testimony

7

regarding subjective pain or symptoms is credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Smolen*, 80 F.3d at 1281; S.S.R 16-3p at 3. First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014; *Smolen*, 80 F.3d at 1281–82. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ must "evaluate the intensity and persistence of [the claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." S.S.R. 16-3p at 2.

An ALJ's evaluation of a claimant's testimony must be supported by specific, clear and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *see also* S.S.R. 16-3p at *10. Subjective testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," but the medical evidence "is still a relevant factor in determining the severity of claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); S.S.R. 16-3p (citing 20 C.F.R. § 404.1529(c)(2)).

As the Ninth Circuit recently clarified in *Ferguson*, although an ALJ may use "*inconsistent* objective medical evidence in the record to discount subjective symptom testimony," the ALJ "cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

In addition to the objective evidence, the other factors considered are: 1- daily activities; 2- the location, duration, frequency, and intensity of pain or other symptoms; 3- precipitating and aggravating factors; 4- the type, dosage, effectiveness, and side effects of any medication; 5- treatment other than medication; 6- other measures the claimant uses to relieve pain or other

symptom; and 7- Other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. See, 20 C.F.R. § 416.929(c)(3)

### 2. <u>Analysis</u>

After summarizing the applicable law, Plaintiff asserts over the course of a 1-page analysis that the ALJ provided nothing more than: 1- the vague assertion that Plaintiff's subjective statements "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision;" and 2- a "general summary" of the objective medical evidence that was insufficiently tied to his testimony. MSJ at 10.

These common critiques do not state a compelling basis for remand absent some examples of the testimony Plaintiff asserts were wrongfully rejected, some acknowledgment of the ALJ's relevant discussion, and an explanation as to why the ALJ's discussion fell short. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (stating that a reviewing court ordinarily will not consider an issue that a claimant fails to argue "with any specificity" in the opening brief); *See Indpend. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (explaining that bare assertions of an issue do not properly raise a claim).

Nevertheless, Plaintiff did provide a "Summary of Relevant Testimony" prior to his argument section which ostensibly contains the statements he claims were not adequately accounted for in the RFC. The summary reads as follows:

> At the hearing, Plaintiff testified to the following: his aunt paid his bills using funds he had in a trust fund as it was easier for him. Ar. 44. He spent much of his time just sitting around, not knowing what he was doing. Ar. 52. He does not always understand the content of the television programs he watches. Ar. 52. His depression and anxiety prevented him from getting out of bed up to ten times per month. Ar. 54. He had difficulty with his memory. Ar. 54. He would need multiple explanations before he could recall the instructions. Ar. 54. He would not be able to get a list of items from the store, whether written or verbal. Ar. 54-55.

To begin, the first three limitations mentioned in this summary are not sufficiently concrete to be incorporated into the RFC. Nor do those statements, even if accepted as true,

necessarily suggest limitations more restrictive than those that already exist in the RFC, ie., simple, routine, repetitive tasks with no production or pace requirements; few changes in work setting; occasional interactions and no tandem tasks.

Plaintiff also stated that due to his depression and anxiety he couldn't get out of bed up to 10 times a month, that he needs multiple explanations before he can recall instructions, that he could not get a list of items from the store whether written or verbal. These stated conditions, if accepted as true, would almost certainly be work-preclusive. Importantly though, the ALJ provided a discussion relevant to these issues. The ALJ first explained that "Despite the claimant's allegations and testimony, the objective medical evidence showed minimal treatment from the period in which the claimant was between the ages of 18 and 22." AR 25. Plaintiff does not acknowledge or contest the ALJ's assertion about the relative lack of treatment,

Defendant also emphasizes the ALJ's observations concerning medication non-compliance (Topamax for migraines) and positive response to hypertension medication when Plaintiff was compliant. Resp. at 7, Doc. 22. However, neither observation is particularly relevant to the intensity, persistence and limiting effects of Plaintiff's <u>mental health symptoms</u>, which appear to be Plaintiff's main concern given the content of his "Summary of Relevant Testimony" as set forth above.

The ALJ further noted that despite presenting at times with sad mood, poor hygiene, tearfulness, guilt, poor concentration, and suicidal ideation, occurring particularly after the passing of family members, that Plaintiff's PHQ-9 score based on self-reported symptom severity was nevertheless "none-minimal" in December 2020, and was similarly scored in March 2021. AR 26 (citing AR 621, 630). The ALJ further noted that Plaintiff was mostly cooperative during his examinations with appropriate judgment and insight, normal behavior, memory, orientation, and thought content. AR 26 (citing AR 579; 588–89). Plaintiff fails to acknowledge these

observations or dispute their relevance to the alleged severity of his symptoms. As such, there is no basis to find the ALJ committed error with respect to Plaintiff's subjective symptom complaints.

Although an ALJ's rejection of a claimant's testimony must be specific, ALJ's need not provide a "line-by-line exegesis of a claimant's testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). On balance, the ALJ's discussion here was sufficient for a reviewing court to ensure the ALJ did not "arbitrarily discredit" Plaintiff's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)).

### VI.  Conclusion and Order

For the reasons stated above, substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, it is ordered as follows:

1. The findings and recommendations issued November 4, 2024 (Doc. 23) are **VACATED.**
2. Plaintiff's motion for summary judgment (Doc. 18) is **DENIED.**
3. Defendant's cross-motion (Doc. 22) is **GRANTED.**
4. That the decision of the Commissioner of Social Security be **AFFIRMED**.
5. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Commissioner of Social Security and against Plaintiff.

IT IS SO ORDERED.

Dated:  **March 11, 2025**          /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE